IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHEVIS ALLEON HALL, | ) | |
| ID # 39502-177, | ) | |
| | ) | |
| vs. | ) | No. 3:12-CV-4983-M-BH |
| | ) | No. 3:09-CR-0267-M |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* filed December 5, 2012 (doc. 2), should be **DENIED** with prejudice.

**I. BACKGROUND**

Chevis Alleon Hall (Movant), a federal prisoner, challenges his federal conviction and sentence in Cause No. 3:09-CR-0267-M. The respondent is the United States of America (Government).

**A.     Arrest, Conviction, and Sentencing**

On September 22, 2009, Movant was charged by indictment with two separate counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (No. 3:09-CR-0267-M, doc. 1.)  He pled not guilty and was tried before a jury on June 29–30, 2010. (doc. 52.)  Prior to trial, Movant stipulated that he was a felon. (doc. 76 at 5-7, 78.)

According to the testimony presented at trial, Movant was pulled over for a traffic violation on October 16, 2008.  (doc. 76 at 23.)  He was arrested for outstanding warrants, and two police officers found a handgun in his vehicle while performing a search. (doc. 76 at 23-25, 30.)  A few months later, on May 1, 2009, two police officers pulled Movant over for another traffic violation,

again arrested him for outstanding warrants, and again found a handgun in his car during the search. (doc. 76 at 51–57.)

During trial, a police officer testified that Movant had a prior felony robbery conviction. (doc. 76 at 34.) Movant's counsel objected, and the trial judge instructed the jury to disregard any and all information of the prior felony, other than the fact that it had occurred. (doc. 76 at 34–35.) After deliberations, the jury convicted Movant on both counts of the indictment. *Id.* On November 10, 2010, he was sentenced to 60 months' imprisonment. (doc. 64.) He appealed his convictions and sentence, and the Fifth Circuit affirmed both on October 21, 2011. *United States v. Hall*, 446 F. App'x 685 (5th Cir. Oct. 21, 2011). His petition for writ of certiorari was denied by the Supreme Court on March 5, 2012. *Hall v. United States*, 132 S. Ct. 1729 (2012).

**B.      Substantive Claims**

Movant claims that his appellate counsel was ineffective for failing to argue on appeal that the district court erred in denying a mistrial because a government witness had revealed during trial that his prior felony conviction was for robbery. (*See* Mot. (doc. 2) at 4; Mem. (doc. 3).) The Government filed a response brief on January 17, 2013. (*See* Resp. (doc. 6).) Movant filed a reply brief on March 1, 2013, in which he also raises for the first time a claim of prosecutorial misconduct. (Reply (doc. 13) at 9.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.

1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant alleges that his appellate counsel was ineffective because he failed to argue on appeal that the trial court had erred by denying his motion for a mistrial based on the disclosure of his robbery conviction. (Mem. at 2.) Citing *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993),[1] he also argues that he essentially had no counsel at all due to the inaction of his appellate attorney. (Mem. at 4.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. art. VI. To successfully state a claim of ineffective assistance of trial or appellate counsel, a movant must generally demonstrate (1) that counsel's performance was deficient

---

[1] In *Gipson*, the Fifth Circuit found constructive denial of counsel where counsel failed to tell the defendant that he only had a limited amount of days to appeal his judgment, and the defendant lost his ability to appeal. *Id.*

and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Where a movant has actually or constructively been denied assistance of counsel, prejudice is presumed and need not be established as required by *Strickland*. *See United States v. Cronic*, 466 U.S. 648, 659-60 (1984) (prejudice is legally presumed where there is a denial of counsel at a critical stage of trial); *Penson v. Ohio*, 488 U.S. 75, 88 (1988) (extending *Cronic* to the denial of counsel on appeal).

Because Movant claims that he was constructively denied appellate counsel, the applicable standard for evaluating his claims must be determined first.

**A.**     *Penson*

In *Penson v. Ohio*, 488 U.S. 75 (1988), the Supreme Court recognized that a defendant might be constructively denied counsel although an attorney had been appointed to represent him. The Court distinguished between two types of denial of effective assistance of appellate counsel. When the alleged deficiency consists of a failure to raise or properly brief or argue certain issues on appeal, a demonstration of prejudice is required. However, when there has been actual or constructive complete denial of any assistance of appellate counsel, prejudice will be presumed. *Id*. at 88-89.

Here, Movant asserts that his appellate attorney failed to raise a particular claim on appeal, not that he received no representation of counsel on appeal at all. Therefore, in order to succeed on his claim of ineffective assistance of counsel, Movant must satisfy the two-part *Strickland* test. *See U.S. v. Maddox*, 41 F.3d 664 (5th Cir. 1994) (claim that counsel failed to properly brief issues and to file a reply brief fell under type of case that required a showing of prejudice under *Strickland*)

4

**B.**     *Strickland*

As noted, a movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense to successfully state a claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687. A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

In the appellate context, appellate counsel need not raise every non-frivolous issue on appeal in order to be effective. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or

5

make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348. To show prejudice, the movant must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Here, Movant stipulated that he was a felon. A police officer testified at trial that after he stopped a vehicle in which Movant was passenger, he arrested him on an outstanding warrant and learned that Movant had a prior conviction for robbery. (doc. 71 at 108.) Defense counsel immediately objected. The court instructed the jury that the nature of the prior felony was irrelevant, and that the only fact the jury was to consider was that Movant had a prior felony conviction, a fact to which he had already stipulated. *Id*. After defense counsel moved for a mistrial, the court denied the motion and again instructed the jury that it was not to consider the officer's answer for any purpose other than the fact that Movant had a prior felony conviction. *Id*. at 108-09. No specifics were revealed other than the type of conviction. The jury charge instructed that the parties had stipulated that Movant had previously been convicted of a felony, and that the jury therefore need not determine whether that element of the charged offense had been proven. (doc. 51 at 6.)

Movant has not demonstrated either deficiency on the part of appellate counsel or prejudice as a result of any alleged deficiency. In *Old Chief v. United States*, 519 U.S. 172, 177 (1997), the Supreme Court held that a trial court abused its discretion by refusing a defendant's offer to stipulate to a prior felony and permitting the order of judgment and commitment, in which the specifics of

6

the crime were revealed, to be shown to the jury.  The Supreme Court reversed the judgment, but in doing so, stated no opinion on the possibility that the error was harmless.  *Id*. at 192.

Unlike in *Old Chief*, Movant was permitted to stipulate to the prior felony.  The reference to the prior robbery occurred in passing when a government witness answered a question on direct examination, and no specifics were provided to the jury.  The court immediately instructed the jury that it was not to consider that testimony.  Movant has not shown that counsel's failure to argue on appeal that the trial court erred by denying his motion for a mistrial fell below an objective standard of reasonableness.  *See Phillips,* 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal).

Furthermore, Movant has not shown prejudice because he has not demonstrated a reasonable probability that his convictions would have been reversed had appellate counsel raised this claim.  In *United States v. Munoz*, 150 F.3d 401, 406–08 (5th Cir. 1998), the defendant was on trial for possessing two different firearms while being a felon.  The judge mentioned during voir dire to the venire panel that the defendant had previously been convicted of an aggravated robbery, even though the defendant wanted to stipulate to the fact of conviction.  The defendant moved for a mistrial at the conclusion of voir dire because the trial court had disclosed the nature of his prior felony, and the motion was denied.  The Fifth Circuit held that any error in mentioning the nature of the prior conviction was harmless, as it was remedied by the court's admonition to the jury not to consider the underlying felony conviction for any purpose, and to consider only the stipulation to a prior felony.  *Id*. at 413.

Given the brevity of the reference to the robbery in Movant's case, and the actions of the trial judge to cure the violation, Movant has not shown a reasonable probability of reversal on appeal had counsel raised the issue.  He has not demonstrated a reasonable probability that the Fifth Circuit

would have considered this error to be harmful.  This ground is therefore without merit and should be denied.

## IV.  PROSECUTORIAL MISCONDUCT

Movant briefly mentions "prosecutorial misconduct" for the first time in his reply to the Government's brief. ( Reply at 9.)   No claim of prosecutorial misconduct was raised on direct appeal.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) *en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Id.* at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The cause and prejudice test applies even to allegations of fundamental constitutional error. *Id.* The only exception to the application of the test is when a movant can establish a fundamental miscarriage of justice, *i.e.*, that he or she is actually innocent of the crime convicted. *Id.*

To the extent Movant seeks to bring a claim of prosecutorial misconduct, because he did not raise this claim on appeal, he must demonstrate cause for the omission and actual prejudice from the alleged errors, unless he can establish that he is actually innocent of the crime for which he was convicted.  Movant has not alleged or established that he is actually innocent.  Nor has he shown

8

cause for the failure to present these claims on appeal or resulting prejudice from such failure. Any claims of prosecutorial misconduct are procedurally barred from review in this collateral proceeding.

Even assuming Movant is not procedurally barred from raising this claim on collateral review, he has brought forward no evidence of prosecutorial misconduct. Federal courts apply "a two-step analysis to charges of prosecutorial misconduct." *United States v. Duffaut*, 314 F.3d 203, 210 (5th Cir. 2002). The first step is to decide whether the prosecutor's actions were improper; if so, the next step is to determine whether the prosecutor's actions "prejudiced the defendant's substantive rights." *Id.*

As support for this claim, Movant cites *United States v. Jones*, 620 F. Supp. 2d 163 (D. Mass. May 18, 2009). In *Jones*, the Massachusetts District Court found misconduct when a prosecutor failed to disclose exculpatory information to multiple defendants. *Id.* at 179-80. Movant has neither alleged nor demonstrated that an improper passing reference by a witness to a prior felony conviction in response to a question is comparable to a prosecutor's failure to provide material, exculpatory evidence to defendants. Even if improper, there is no indication that the witness's actions prejudiced the Movant's rights. The district court instructed the jury that any underlying facts concerning the prior conviction should not be considered, and the robbery was never mentioned again. Movant has failed to prove either improper prosecutorial action or prejudice. His second claim should therefore also be denied, to the extent it is not procedurally barred. *See Duffaut*, 314 F.3d at 210.

## V. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

**SIGNED this 20th day of May, 2014.**

        */s/ Irma Carrillo Ramirez*
        IRMA CARRILLO RAMIREZ
        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

        */s/ Irma Carrillo Ramirez*
        IRMA CARRILLO RAMIREZ
        UNITED STATES MAGISTRATE JUDGE